IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL KENNEDY, )
30908 Cedar Drive )
Princess Anne, Maryland 21853 )
        Plaintiff, )
              )  CASE No. WDQ14CV3984
    V.          )
              )
SRA ASSOCIATES OF NEW JERSEY, INC., )
also *dba* SRA ASSOCIATES, INC., )
401 Minnetonka Road )
Hi-Nella, New Jersey 08083 )
        Defendant. )

## COMPLAINT

I. Jurisdiction in this case is based on:

[ XX ] Federal question (suit is based upon a federal statute or provision of the United States Constitution).

[ XX ] Diversity (none of the defendants are residents of the state where plaintiff is a resident).

[ XX ] Other (explain)  ) *Fair Debt Collection Practices Act ("FDCPA") of 1977*

---

A. Introduction.

  The plaintiff, Michael Kennedy, acting *pro se*, brings this action for violation of the *Fair Debt Collection Practices Act ("FDCPA") of 1977, 15 U.S.C. § 1692 et seq.*, to obtain monetary civil penalties and injunctive or other relief for defendants' violations of the FDCPA. As fully set forth in the complaint, Defendant engaged in a pattern or practice of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt Plaintiff allegedly owed Defendant. The Defendant than continued placing these calls for several months after Plaintiff had mailed Defendant a request for validation of the alleged debt and a cease and desist communication letter. Plaintiff commences this action to enjoin such calls and to recover damages and or civil penalties for Defendant's knowing and willful violation of the FDCPA.

B. Jurisdiction and Venue.

  (1.) This Court has jurisdiction over this matter under *28 U.S.C. §§ 1331, 1337(a), 1345,* and *1352.*

  (2.) Venue is proper in the United States District Court for the District of Maryland

under *28 U.S.C. §§ 1391(b) - (c) and 1395(a)*.

(3.) Plaintiff further invokes the pendent jurisdiction of this Court.

C. Parties.

(1.) The Plaintiff in this action is Michael Kennedy, who presently resides at 30908 Cedar Drive, Princess Anne, Maryland 21853.

(2.) The Defendant in this action is SRA Associates of New Jersey, Inc., also *dba* SRA Associates, Inc., a for-profit corporation formed and organized under the laws of the State of New Jersey. Its principal place of business is located at 401 Minnetonka Road, Hi-Nella, New Jersey 08083. At all times relevant to this complaint, Defendant SRA Associates of New Jersey, Inc., also *dba* SRA Associates, Inc., (hereinafter "SRA"), has transacted business in this district.

D. The Complaint In This Matter Is Timely Filed.

The statute of limitations for filing a FDCPA action in accordance with the state laws of Maryland for a comparable civil action is four-years, with the time commencing from the date the facts supporting the claim become known and with the exercise of reasonable diligence. *28 U.S.C. § 1658(a)*. The material documents and factual evidence supporting the instant action became known to Plaintiff in late September 2014. The complaint in this matter is therefore timely filed.

E. Trial Demand.

The Plaintiff in the above-captioned complaint, Michael Kennedy, demands a trial by jury in this matter.

II.                               Summary of Complaint

(1.) The Plaintiff in this matter brings suit under the *Fair Debt Collection Practices Act ("FDCPA") of 1977, 15 U.S.C. § 1692 et seq.*, relative to Defendant SRA's violations of the foregoing federal statue from the period commencing on or about September 24th, 2014 to the present. When enacting the FDCPA, Congress recognized there was abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. It was therefore the underlying purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors, and to

promote consistent action to protect consumers against debt collection abuses. In this context, the FDCPA places certain restrictions on the methods and tactics utilized by debt collectors such as those employed by the Defendant.

(2.) The FDCPA was enacted in 1978 as Title VIII of the Consumer Credit Protection Act and became effective in March 1978, and has been in force since that date. Although the FDCPA was amended by Congress in 1996, Section 805, Section 806, Section 807, and Section 813 have remained relatively unchanged since its enactment.

(3.) Section 805 of the FDCPA, *15 U.S.C. § 1692(c)*, specifically proscribes that if a debt collector is notified by a consumer in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. A debt collector who has received such written notification from a consumer to provide validation of the debt and cease further communication with the consumer, and fails to either provide such validation within five-days, or continues its attempts to contact the consumer, is in violation of Section 805(c).

(4.) Section 806 of the FDCPA, *15 U.S.C. § 1692(d)*, specifically proscribes a debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. The causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, is in violation of Section 806 (5).

(5.) Commencing on or about September 24th, 2014, Defendant SRA began initiating predictive dialer or Automated Telephone Dialing System (hereinafter "ATDS") calls to Plaintiff's cellular telephone in an attempt to collect a debt Plaintiff allegedly owed Defendant. The Defendant SRA further engaged in a pattern or practice of conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, by continuing to place calls to Plaintiff's cellular telephone voice message system after Defendant SRA had been mailed a request for validation of the alleged debt and cease and desist communication letter.

III.                       Factual Allegations

(6.) Plaintiff's cellular telephone number is listed on the national "Do Not Call" registry data book.

(7.) Plaintiff has never had any form of business dealings nor connection with

Defendant SRA prior to the filing of this complaint.

(8.) Plaintiff is a consumer as that term is defined by Section 803 (3) of the FDCPA, *15 U.S.C. § 1692(a)*.

(9.) Defendant SRA is a "debt collector" as that term is defined in Section 803 (6) of the FDCPA, *15 U.S.C. § 1692a(6)*.

(10.) As part of its debt collection activities, Defendant SRA utilizes predictive dialer, automated and non-automated telephone dialing systems as a means of contacting individuals.

(11.) As part of its debt collection activities, Defendant SRA initiates and attempts to establish contact with alleged debtors. As such, Defendant SRA is specifically subject to Section 805, Section 806, Section 809, and Section 813 of the FDCPA, *15 U.S.C. § 1692, et seq*.

(12.) Defendant SRA collects, and attempts to collect, debts incurred, or alleged to have been incurred and owed to third parties, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and internet.

(13.) When Defendant SRA acts as a "debt collector" as defined by *15 U.S.C. § 1692a(6)*, its debt collection efforts may be regulated under certain provisions of the FDCPA.

(14.) On or about September 24th, 2014, at approximately 8:37 AM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system. The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(15.) On or about September 25th, 2014, at approximately 3:24 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system. The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(16.) On or about September 27th, 2014, at approximately 10:09 AM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system. The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(17.) On or about September 29th, 2014, after identifying the originator of the call, Plaintiff mailed Defendant SRA a request for validation of debt and cease and desist communication contact letter.

(18.)   As of the filing of this complaint, Defendant SRA has not provided Plaintiff with a validation of any debt allegedly owed by him to Defendant.

(19.)   On or about October 2nd, 2014, at approximately 11:57 AM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.  The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(20.)   On or about October 6th, 2014, at approximately 3:44 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.  The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(21.)   On or about October 22nd, 2014, at approximately 3:16 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.  The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(22.)   On or about November 3rd, 2014, at approximately 12:31 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.  The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(23.)   On or about November 13th, 2014, at approximately 7:05 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.  The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(24.)   On or about November 19th, 2014, at approximately 12:33 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.  The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(25.)   On or about December 2nd, 2014, at approximately 2:38 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.  The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(26.) On or about December 10th, 2014, at approximately 2:57 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system. The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(27.) On or about December 12th, 2014, at approximately 2:31 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system. The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(28.) On or about December 18th, 2014, at approximately 3:13 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system. The foregoing call did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(29.) Defendant SRA's failure to provide Plaintiff with a validation of any debt allegedly owed by him, continuing to place calls to Plaintiff's cellular telephone voice message system, and its failure to state either the identity of the individual, business, or other entity responsible for initiating the call, acted as a natural consequence to annoy, abuse, or harass Plaintiff at the called cellular number.

## IV. Cause of Action

(30.) In the course of its business, Defendant SRA failed to comply with the requirements of Section 809 (a) of the FDCPA in that, within five (5) days after receiving Plaintiff's initial communication, it failed to prove validation of any debt allegedly owed by Plaintiff.

(31.) In the course of its business, Defendant SRA failed to comply with the requirements of Section 805 (c) of the FDCPA in that, after receiving Plaintiff's notification to cease communication, it continued calling Plaintiff in an attempt to contact him on his cellular voicemail system.

(32.) In the course of its business, Defendant SRA failed to comply with the requirements of Section 806 (5) of the FDCPA in that, not having an established business relationship with Plaintiff nor having provided validation of any debt, Defendant SRA utilized a predictive dialer or ATDS to cause Plaintiff's cellular telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called cellular number.

(33.) Defendant SRA violated the FDCPA as described above, with actual knowledge or knowledge fairly implied, on the basis of objective circumstances, as set forth in Section 805, Section 806, Section 810, and Section 809 of the FDCPA, *15 U.S.C. § 1692, et seq.*

(34.) Section 813 (a)(2) of the FDCPA, *15 U.S.C. § 1692(k)*, authorizes the Court to award monetary civil penalties of not more than $1,000 per violation of any provision of FDCPA, *15 U.S.C. § 1692 et seq.*

V.  Prayer for Relief

Wherefore, Plaintiff Michael Kennedy respectfully requests that this Court enter judgment against Defendant SRA, jointly and severally, on the claims alleged above and award the following relief:

a. A permanent injunction prohibiting Defendant SRA from future violations of the FDCPA;

b. Statutory monetary damages in the amount of $1,000.00 against Defendant SRA for Defendants' intentional violation of the FDCPA, *15 U.S.C. § 1692 et seq.*

f. All attorney fees, *if any*, and costs of the suit; and

g. All other such relief as the Court may deem just and proper.

Respectfully submitted,

Michael Kennedy
Plaintiff, *pro se*

Dated this 19th day of December, 2014.

Michael Kennedy
30908 Cedar Drive
Princess Anne, Maryland 21853
(443) 523-0180

## VERIFICATION OF COMPLAINT AND CERTIFICATION

| | |
|---|---|
| STATE OF MARYLAND | ) |
| | ) ss: |
| COUNTY OF SOMERSET | ) |

Plaintiff, **MICHAEL KENNEDY**, states as follows:

1.)   I am the Plaintiff in this civil proceeding.

2.)   I have read the above-entitled civil Complaint prepared by myself and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.)   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.)   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.)   I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to *28 U.S.C. § 1746(2)*, I, **MICHAEL KENNEDY**, hereby declare under penalty of perjury that the foregoing is true and correct.

_____
Michael E. Kennedy
Plaintiff, *pro se*

Dated this 19th day of December, 2014.

Michael E. Kennedy
30908 Cedar Drive
Princess Anne, Maryland 21853
(443) 523-0180